IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MYNOR GUTIERREZ**  *Plaintiff* | CIVIL ACTION |
| | NO. 13-3012 |
| v. | |
| **NORTH AMERICA CERRUTI CORPORATION and OFFICINE MECCANICHE GIOVANNI CERUTTI, SpA**  *Defendants* | |

NITZA I. QUIÑONES ALEJANDRO, J.                                   DECEMBER 9, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is a *motion to dismiss Plaintiff's claims against Defendant set forth in the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(2)* filed by Defendant Officine Meccaniche Giovanni Cerutti, SpA ("OMGC") for lack of personal jurisdiction. [ECF 28]. The underlying matter involves a product liability action filed by Mynor Gutierrez ("Plaintiff"), who seeks damages for personal injuries suffered when cleaning a printing press allegedly manufactured and distributed by Defendant OMGC, an Italian corporation, and by Defendant North American Cerutti Corporation ("NACC"), a Delaware corporation (collectively, "Defendants"). Plaintiff opposed the motion to dismiss, [ECF 29], Defendants filed reply briefs, [ECF 32, 33], and OMGC filed a supplemental reply memorandum. [ECF 34].

This matter has been fully briefed and for the reasons stated herein, this Court finds that it cannot exercise either general or specific jurisdiction over Defendant OMGC since Defendant OMGC has not formed jurisdictionally relevant, continuous and systematic contacts with this forum, nor has it purposefully directed its activities in this forum to avail itself of the privilege of

conducting activities here. Therefore, Defendant's motion to dismiss for lack of personal jurisdiction is granted.

## BACKGROUND

The issue posed in the motion to dismiss is whether this Court has personal jurisdiction over Defendant OMGC, a foreign corporation. The relevant facts, construed in the light most favorable to Plaintiff, are as follows:[1]

>  Plaintiff, a citizen of Pennsylvania, was employed by Wallquest, Inc., ("Wallquest"), a company that designs and manufactures, *inter alia*, wallpaper and decorative wall coverings.[2] Wallquest is located in Wayne, Pennsylvania.[3] To do his work, Plaintiff used a printing press identified as a Cerutti Model PB330 Gravure Printing Press, Serial No. 1552 (the "Press").[4] On June 22, 2011, Plaintiff was cleaning the Press when his left arm became caught in it, causing, *inter alia,* severe burns to his arm and post-traumatic stress disorder.[5]
>
>  Defendant OMGC is a corporation headquartered in Casale Monferrato, Italy.[6] Defendant NACC is a Delaware corporation with its principal place of business in New Berlin, Wisconsin.[7] According to Plaintiff, Defendants specialize in designing, manufacturing, advertising, marketing, distributing, repairing, supplying, and selling printing presses, including the Gravure Printing Press, and component parts for various printing applications, such as wallpaper printing.[8]
>
>  The Press involved in Plaintiff's complaint was manufactured by OMGC in 1975 and sold to a company called DITZEL in Bammental, Germany.[9] Several years before Plaintiff was injured, Wallquest purchased the Press from a German publishing company in Germany and had the Press transported to its facility in Wayne, Pennsylvania.[10] It is unclear whether DITZEL is the German publishing company from which Wallquest purchased the Press.

---

[1] *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) ("[I]n reviewing a motion to dismiss under Rule 12(b)(2), we 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'").
[2] 2d Am. Compl. ¶7.
[3] *Id.* at ¶6.
[4] *Id.* at ¶8.
[5] *Id.* at ¶11.
[6] *Id.* at ¶2; Cerutti Aff. ¶¶3, 4.
[7] 2d Am. Compl. ¶3.
[8] *Id.* at ¶9. OMGC admits that it designed and manufactured the Press, but it claims it did not sell or ship the Press to Wallquest. OMGC Brief 2.
[9] Cerutti Aff. ¶¶14, 15.
[10] VonCzoernig Aff. ¶¶4, 5, 9.

Procedurally:

> On May 30, 2013, Plaintiff filed a complaint against "Cerutti Group Officine Meccaniche Giovanni Cerutti SpA" and NACC, asserting claims for negligence, strict liability, and breach of express and implied warranties.[11] Consistent with a stipulation submitted by the parties and approved by this Court on January 17, 2014,[12] Plaintiff filed a second amended complaint pursuant to Federal Rule of Civil Procedure (Rule) 15(c)(1)(C), reflecting a change in the name but not the identity of OMGC.[13, 14] On February 4, 2014, NACC filed an answer to the second amended complaint.[15] On July 25, 2014, OMGC filed the instant motion to dismiss pursuant to Rule 12(b)(2) asserting the court's lack of personal jurisdiction.[16]

**LEGAL STANDARD OF REVIEW**

When deciding a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, a court must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009); *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, *Pinker* at 368, and "[w]hile the Court can accept plaintiff's allegation of jurisdiction as true for the purposes of a motion to dismiss, 'once a defendant has raised a jurisdictional defense, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction.'" *Bolus v. Fleetwood Motor Homes of IN, Inc.*, 2012 WL 3579609, at *2 (M.D. Pa. Aug. 17, 2012) (quoting *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 147 (3d Cir. 1992)); *Metcalfe*, 566 F.3d at 331 (citation omitted)); *Simeone v. Bombardier-Rotax GmbH*, 360 F.Supp.2d 665, 669 (E.D. Pa. 2005) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998); *Dayhoff Inc. v.*

---

[11] ECF 1.
[12] ECF 17.
[13] Rule 15(c)(1)(C) permits relation back in circumstances where the change of the name of a party who has received timely notice of the action will not be prejudiced in defending on the merits.
[14] ECF 18.
[15] ECF 19.
[16] ECF 28.

*H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). A plaintiff, however, may not rest solely on the pleadings to satisfy this burden. *Simeone*, 360 F.Supp.2d at 669; *Carteret Sav. Bank*, 954 F.2d at 146. A Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings, *i.e.*, whether *in personam* jurisdiction actually lies." *Boyd v. Allied Properties*, 2011 WL 1465454, at *1 (E.D. Pa. Apr. 18, 2011) (citing *Clark v. Matsushita Elec. Indus. Co., Ltd.*, 811 F.Supp. 1061, 1064 (M.D. Pa. 1993) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir. 1984)).

A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the laws of the forum state. *Metcalfe*, 566 F.3d at 331. A state may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *Walden v. Fiore*, __ U.S. __, 134 S.Ct. 1115, 1121 (2014) (quoting *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945)), and its affiliations with the state are so "continuous and systematic" as to render them essentially at home in the forum state. *Daimler AG v. Bauman*, __ U.S. __, 134 S.Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. __, 131 S.Ct. 2846, 2853 (2011) (quotation marks omitted). Thus, the relationship among the defendant, the forum, and the litigation must be reviewed. *Walden*, 134 S.Ct. at 1121; *Daimler AG*, 134 S.Ct. at 754 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 197 (1977)).

Generally, to review this relationship requires a two-step inquiry, *IMO Indus.*, 155 F.3d at 258-59; *to wit*: (1) does the forum state's long-arm statute permit the exercise of personal jurisdiction over the defendant, *see Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d

4

197, 200 (3d Cir. 1998) (holding that district court may assert personal jurisdiction "over non-resident defendants to the extent permissible under the law of the state where the district court sits"); and (2) does the exercise of jurisdiction comport with the due process clause of the Constitution. *IMO Indus.*, 155 F.3d at 259.

Here, Plaintiff filed his complaint in Pennsylvania, a state that permits courts to exercise personal jurisdiction over a nonresident to the constitutional limits of the due process clause of the Fourteenth Amendment. 42 Pa. C.S.A. § 5322;[17] *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). Thus, under the due process clause, this Court may exercise personal jurisdiction over OMGC as long as there are certain minimum contacts between OMGC and the forum state "such that the maintenance of suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 316; *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). If OMGC "purposefully avails itself of the privilege of conducting activities within the forum State," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), "it has clear notice that it would be subject to suit here, and could act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State." *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 297 (1980). For the reasons to follow, this Court finds that OMGC has not purposefully availed itself of the privilege of conducting

---

[17] (a) General rule. – A tribunal of this Commonwealth may exercise personal jurisdiction over a person… who acts directly or by an agent, as to a cause of action or other matter arising from such person:
(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:
    (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.
    (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.
42 Pa. C.S.A. §5322.

activities within this forum and, thus, this Court lacks authority to exercise personal jurisdiction over OMGC.

**DISCUSSION**

In response to the motion to dismiss, Plaintiff argues that, at this stage of litigation, he needs only to allege sufficient facts to establish a *prima facie* case of personal jurisdiction over OMGC. *See Farino*, 960 F.2d at 1223 (citing *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). Plaintiff correctly notes that where a district court does not hold an evidentiary hearing (as is the case here), a plaintiff need only present a *prima facie* case for the exercise of personal jurisdiction with sworn affidavits or other competent evidence demonstrating, with reasonable particularity, a sufficient nexus between the defendant and the forum state. *Bolus*, 2012 WL 3579609, at *3 (citing *Southern Seafood Co. v. Holt Cargo Systems, Inc.*, 1997 WL 539763, at *8 (E.D. Pa. Aug. 11, 1997)); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010); *Metcalfe*, 566 F.3d at 331; *Farino*, 960 F.2d at 1223; *Carteret Sav. Bank*, 954 F.2d at 146. To establish the existence of personal jurisdiction over OMGC, Plaintiff relies on a *single* affidavit attested to by Mr. Jay vonCzoernig, Head of Production for Wallquest, which states, in pertinent part:

- Wallquest purchased the Press from a German publishing company several years before Plaintiff's 2011 injury. Mr. vonCzoernig went to Germany on behalf of Wallquest to inspect and test run the Press.[18]

- Once the Press was re-assembled in Wallquest's Wayne, Pennsylvania, facility, an electric connection problem arose resulting from the different electricity standards between Germany/Europe and the U.S.,[19] requiring Mr. vonCzoernig to personally communicate with OMGC's sales and service agents located in Chicago, Illinois, who advised that these concerns would be relayed to OMGC in Italy. It is attested that OMGC responded via telephone and email regarding a

---

[18] VonCzoernig Aff. ¶7.
[19] *Id.* at ¶9.

solution.[20] (However, Mr. vonCzoernig does not specify whether these responses originated from OMGC in Italy or from the Chicago sales and service agents).

- When a problem arose with the Press's automatic splicer, this concern was discussed with OMGC's sales and service agents (although not stated, were purportedly those agents in Chicago) but could not be resolved by phone. Mr. VonCzoernig stated that OMGC sent a service representative from Italy to Wayne, Pennsylvania, to troubleshoot the issue, and because the problem could not be resolved, no billing for the service call was generated and no paperwork regarding the service trip was found, presumably discarded in the ordinary course of business.[21]

- Lastly, Mr. VonCzoernig and other representatives of Wallquest have maintained a continuous working relationship with OMGC (again, without elaboration as to whether the working relationship is with OMGC in Italy or the agents in Chicago) with respect to other OMGC equipment regularly used by Wallquest; *e.g.*, via regular, direct communication with OMGC about service and purchase of parts and other components for different presses routinely and regularly used by Wallquest.[22]

As stated, when a motion to dismiss asserts a lack of personal jurisdiction, district courts must accept plaintiff's facts as true, but are permitted to revisit the issue if it appears that the facts alleged to support jurisdiction are in dispute. *Metcalfe*, 566 F.3d at 331. Even construing the facts attested to in favor of Plaintiff, this Court cannot find that Plaintiff has established, *with reasonable particularity*, that OMGC has the requisite "certain minimum contacts" with the forum state, such that "the maintenance of this lawsuit does not offend the traditional notions of fair play and substantial justice," to support either specific *or* general jurisdiction over OMGC. Further, the relationship alluded to in the affidavit must arise out of the contacts that OMGC *itself* creates with the forum state rather than contacts initiated by Plaintiff, *Walden*, 134 S.Ct. at 1122; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985), and these contacts attested to clearly do not.

---

[20] VonCzoernig Aff. ¶¶10, 11.
[21] *Id.* at ¶¶12, 13, 15.
[22] *Id.* at ¶¶16, 17.

Guided by *Metcalfe*, this Court finds that Plaintiff has not made a threshold showing in support of personal jurisdiction over OMGC. *See also Bolus*, 2012 WL 3579609, at *10 ("A *prima facie* case requires factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'"). Mr. VonCzoernig's affidavit is vague, its factual contentions are not supported by any evidence or documentation, and lacks reasonable particularity to impute this Court's authority over OMGC. In its response, Defendant OMGC has offered several affidavits attesting that it never had any sales or service agent located in Chicago, Illinois,[23] has no record which indicates that it assisted anyone at the Wallquest facility in Wayne, Pennsylvania, regarding the Press, either by telephone or email,[24] and that NACC, located in New Berlin, Wisconsin, is the exclusive sales agent, spare parts distributor, and authorized provider of technical services for OMGC brand equipment located in North America.[25] Plaintiff has not directly refuted these attestations.

To further elaborate, the due process clause requires that a foreign defendant have certain minimum contacts with the forum. Having the requisite contact with the forum state may subject the defendant to either general jurisdiction or specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). A state may subject a defendant to *general* jurisdiction only when the defendant's activities in that state are "continuous and systematic," *Helicopteros*, 466 U.S. at 416; *IMO Indus.*, 155 F.3d at 259 n. 2, and only when the corporation's affiliations with that state are so constant and pervasive "as to render [it] essentially at home in the forum [s]tate." *Daimler AG*, 134 S.Ct. at 751 (quoting *Goodyear*, 131 S.Ct. at 2851). Further, if general jurisdiction exists, the contacts between the defendant and the forum need not be specifically related to the underlying cause of action in order for an exercise

---

[23] Cerutti Supp. Decl. ¶¶6-8.
[24] *Id.* at ¶3.
[25] Cappa Aff. ¶8.

of personal jurisdiction over the defendant to be proper." *Simeone*, 360 F. Supp. 2d at 673 (quoting *Pinker*, 292 F.3d at 368 n. 1); *see also Pennzoil Products Co., Inc.*, 149 F.3d at 200; *Farino*, 960 F.2 at 1221.

The inquiry for *specific* jurisdiction requires a three-prong test. First, the defendant must have "purposefully directed [its] activities" at the forum. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (citing *Burger King Corp.*, 471 U.S. at 472 (quotation marks omitted)). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros,* 466 U.S. at 414; *Grimes v. Vitalink Commcations Corp.,* 17 F.3d 1553, 1559 (3d Cir. 1994). And third, if the prior two requirements are met, a court must consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King Corp.,* 471 U.S. at 476, (quoting *International Shoe Co.,* 326 U.S. at 320). At a minmum, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *O'Connor*, 496 F.3d at 317; *Hanson,* 357 U.S. at 253. Physical entrance is not required. *See Burger King Corp.*, 471 U.S. at 476; *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 482 (3d Cir. 1993) ("Mail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction."). What is necessary is the deliberate targeting of the forum; thus, the "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. *See Hanson,* 357 U.S. at 253. Further, contacts with a state's citizens that take place outside the state are not considered as purposeful contacts with the state itself. *See Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 542–43 (3d Cir. 1985).

*General Jurisdiction*

As stated, this Court may exercise personal jurisdiction over OMGC as long as there are certain minimum contacts between OMGC and the forum state "such that the maintenance of suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 316. OMGC must have "continuous and systematic" contacts with the forum state regardless of whether those contacts are related to Plaintiff's cause of action, *Metcalfe*, 556 F.3d at 334, those contacts must be "extensive and pervasive," *Brown & Brown, Inc. v. Cola*, 745 F.Supp.2d 588, 604 (E.D. Pa. 2010) (quoting *Reliance Steel Products Co. v. Watson, Ess, Marshall, & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982)), and they must arise out of contacts that the "defendant *himself*" creates with the forum state. *Burger King Corp.*, 471 U.S. at 475. As attested to by Mr. vonCzoernig, Wallquest initiated all of the contacts between Wallquest and OMGC.

Further, *Goodyear* made clear that only a limited set of affiliations with a forum would render a defendant amendable to all-purpose jurisdiction. Generally, for a corporation, the paradigm forum for the exercise of general jurisdiction is one in which the corporation is fairly regarded "at home." 131 S.Ct. at 2853-2854. That is, for a corporation the place of incorporation and the principal place of business are the paradigm bases for the exercise of general jurisdiction. Here, OMGC is incorporated and has its principal place of business in Italy.

Nonetheless, Plaintiff argues that OMGC's combined contacts and "direct, continuous, and substantial communication" with Pennsylvania,[26] is evidenced by OMGC's own declaration, which indicates that during the period of 2007-2011, OMGC sold certain products to entities located in Pennsylvania, and that such sales amounted to approximately 1.81% of OMGC's

---

[26] Pltf's Brief 14.

10

overall revenue.[27] Plaintiff also argues that OMGC's approximation of its sales, notwithstanding, is underestimated since it ignores the ongoing customer service and troubleshooting functions between OMGC and other Pennsylvania companies, additional evidence of OMGC's continuous and systematic contacts with Pennsylvania.[28] Plaintiff relies on Mr. vonCzoernig's references to the "continuous working relationship" and "regular, direct communication" between OMGC's Chicago-based sales and service agents. However, these references do not apply to OMGC of Italy, a distinct company, nor do they constitute "actual proof" or a sufficient illustration of "constant and pervasive" contacts initiated by OMGC between OMGC and Pennsylvania. *See Rivera v. Bally's Park Place, Inc.*, 798 F.Supp.2d 611, 615 (E.D. Pa. July 12, 2011); *Time Share Vacation Club*, 735 F.2d at 66 ("Mere affidavits which parrot and do no more than restate plaintiff's allegations without identification of particular defendants and without factual content do not end the inquiry."). Therefore, Plaintiff's contentions fail for lack of any factual support or actual proof, and are deemed mere allegations and/or speculations pled for jurisdiction purposes. *See Time Share Vacation Club*, 735 F.2d at 66 n. 9 ("Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.").

In addition, "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially *at home* in the forum State.'" *Daimler*, 134 S.Ct. at 761 (quoting *Goodyear*, 131 S.Ct. at 2851) (emphasis added). Similar to the corporate defendants in *Daimler* and *Helicopteros*, OMGC is not incorporated in Pennsylvania, does not maintain a principal place of business in Pennsylvania, has not owned real estate or maintained an office or establishment in

---

[27] Cerutti Aff. ¶21.
[28] Pltf's Brief 13-14.

Pennsylvania, and is not registered, licensed, or otherwise authorized to do business in the Commonwealth of Pennsylvania.[29] These are similar factors considered by the Supreme Court to decline to find general jurisdiction over the defendant. *Daimler*, 134 S.Ct. at 761. Likewise, this Court will decline to exercise general jurisdiction over OMGC since the preponderance of the evidence does not support a finding that OMGC maintained the required minimum contacts with the forum state that would make OMGC "at home" in Pennsylvania for purposes of general jurisdiction. *See Daimler AG*, 134 S.Ct. at 751 (holding that 2.4% of foreign defendant's sales occurring in the forum state was insufficient to give rise to general jurisdiction); *Helicopteros* at 104 S.Ct. at 411; *see also Penco Products, Inc. v. WEC Manufacturing, LLC*, 974 F.Supp.2d 740, 748 (E.D. Pa. 2013) (2% of annual sales in Pennsylvania was not considered substantial for purposes of demonstrating sufficient business contacts with the forum); *Simplicity, Inc. v. MTS Products, Inc.*, 2006 WL 924993, at *4 (E.D. Pa. Apr. 6, 2006) (defendant's sales in Pennsylvania, totaling less than 5% of the company's total sales, were substantially below the continuous and systematic contacts requirement); *Romann v. Geissenberger Mgf. Corp.*, 865 F.Supp. 255, 261 (E.D. Pa. 1994) (defendant's sales of 2-4% was "hardly reflective of the type of extensive and pervasive contact required by the *in personam* jurisdiction standard") (quotations omitted).

*Specific Jurisdiction*

To reiterate, the Third Circuit employs a three-part analysis to determine specific jurisdiction consisting of whether: (1) the defendant purposefully directed its activities at Pennsylvania; (2) the litigation "arises out of or relates to" at least one of the defendant's activities in Pennsylvania; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *O'Connor*, 496 F. 3d at 317. In other words, the inquiry is

---

[29] Cerutti Decl. ¶¶5-7.

whether OMGC "purposefully availed itself of the privilege of conducting activities within Pennsylvania by deliberately targeting the forum by its conduct and connections so as to reasonably anticipate being haled into court." *World-Wide Volkswagen Corp.*, 444 U.S. 297.

Plaintiff claims that the single act of OMGC sending a representative from Italy to Pennsylvania to address the automatic splicer problem and the series of acts whereby Wallquest representatives maintained a "continuous working relationship" and direct communication with respect to other equipment used by Wallquest, constitute "deliberate targeting" of the forum state by OMGC for purposes of establishing specific jurisdiction. Plaintiff further argues that these acts comport with Pennsylvania's long-arm statute. *See* 42 Pa. C.S. §5322(a)(i), (ii).

In response, NACC affirmed, through its Vice President of Operations and the Executive Vice President and Chief Operating Officer, that Vincenzo Pagano, an employee of NACC, was the individual who went to Wallquest's facility in early 2000.[30] At the time of his visit, Mr. Pagano was not employed by OMGC nor has he ever been employed by OMGC at any point after the visit, a fact confirmed by OMGC.[31] As stated, Wallquest has no record, nor does OMGC, indicating that OMGC assisted anyone at Wallquest with the Press either personally, by telephone, or by email.[32]

In this case, the event that gives rise to Plaintiff's cause of action, if proven, is the alleged defective Press, a product which was undisputedly manufactured in Italy. While Plaintiff would like this Court to consider the referenced alleged contacts OMGC had with Wallquest, *albeit* vaguely described and strongly disputed, made to address the concerns with the Press, as evidence of sufficient contacts to exercise personal jurisdiction, Plaintiff has failed in his efforts. These contacts, as alleged by Plaintiff, are unilateral activities initiated by Wallquest, and are

---

[30] Cappa Aff. ¶¶5, 6; Pessarelli Aff. ¶¶5, 6.
[31] Cerutti Supp. Decl. ¶5.
[32] *Id.* at ¶3.

insufficient to establish that OMGC purposefully availed itself of the privilege of conducting activities within Pennsylvania or that it purposefully directed its activities at Pennsylvania. *See Walden*, 134 S.Ct. at 1122; *Helicopteros*, 466 U.S. at 414; *Grimes*, 17 F.3d at 1559. Under these assertions, Plaintiff has failed to present a *prima facie* case to establish that personal jurisdiction exists over OMGC. In addition, since Plaintiff has failed to meet the first and second prongs in the specific jurisdiction inquiry, particularly since the asserted underlying claim does not arise out of OMGC's contacts with Pennsylvania, this Court need not consider whether the exercise of jurisdiction "comports with fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476, (quoting *International Shoe Co.*, 326 U.S. at 320).

Accordingly, construing as true the allegations and disputed facts relied on in favor of Plaintiff, this Court finds that Plaintiff has failed to establish a *prima facie* case to suggest "with reasonable particularity" a sufficient nexus between OMGC and the forum state, and/or the requisite minimum contacts between OMGC and Pennsylvania, to establish personal jurisdiction over OMGC. This Court finds that any additional discovery on this issue will not assist Plaintiff in discharging his *prima facie* burden of establishing personal jurisdiction over OMGC.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss the second amended complaint for lack of personal jurisdiction is granted, and Defendant OMGC only, is dismissed from this action. An appropriate order follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.